Kristin A. Schuler-Hintz, Esq., Nevada SBN 7171   E-filed: 10/2/2009
Seth J. Adams, Esq., Nevada SBN 11034
McCarthy & Holthus, LLP
811 South Sixth Street
Las Vegas, NV  89101
Phone (702) 685-0329 ext 3748
Fax (866) 339-5691
khintz@mccarthyholthus.com
SAdams@mccarthyholthus.com

Attorney for Secured Creditor, Deutsche Bank Trust Company Americas as Trustee and Custodian for HSBC Bank USA National Association, ACE Securities Corp. Home Equity Loan Trust Series 2006-NC1, its assignees and/or successors and the servicing agent SAXON MORTGAGE SERVICES, INC.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Dennis Edward Depauw, Jr.,<br><br>      Debtor | ) Case No. 09-12752-LBR<br>)<br>) Chapter  13<br>)<br>) **DEUTSCHE BANK COMPANY**<br>) **AMERICAS AS TRUSTEE'S MOTION**<br>) **FOR RELIEF FROM AUTOMATIC STAY**<br>)<br>) HEARING:<br>) DATE:    10/28/09<br>) TIME:     10:00 am<br>) CTRM:   1<br>) PLACE:  300 Las Vegas Boulevard, South<br>)               Las Vegas, NV |

    **DEUTSCHE BANK COMPANY AMERICAS AS TRUSTEE FOR HSBC BANK USA NATIONAL ASSOCIATION,ACE SECURITIES CORP. HOME EQUITY LOAN TRUST SERIES 2006-NC1**, its assignees and/or successors in interest and the servicing agent SAXON MORTGAGE SERVICES, INC. ("Secured Creditor" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the

1

1  Debtor's property, commonly known as 3840 Hollycroft Drive, North Las Vegas, NV 89081 ("Property" herein).

Secured Creditor is the payee of a Promissory Note dated 07/29/2005, in the principal amount of $252,000.00, which is secured by the Deed of Trust of the same date, and recorded in the Official Records of Clark County, Nevada on 8/10/2005 (**see Exhibit "1"**).

The Debtor filed the subject bankruptcy petition on 03/01/2009.

Pursuant to the terms of the Deed of Trust, a payment received is applied to the account and credited to the next due payment.  For example, a payment received in December will be applied to the November payment if no payment had been received in November.

With respect to Secured Creditor's Deed of Trust, the following is now due:

| | | |
|---|---|---|
| Unpaid Principal Balance: | $ | 250,496.98 |
| PRE-PETITION DELINQUENCIES | | |
| As set forth in Movant's Proof of Claim: | | |
| **Total Pre-Petition Delinquencies:** | **$** | **35,879.25** |
| POST-PETITION DELINQUENCIES: | | |
| Monthly Payments:     4     at     $2,075.49 (06/01/09 through 09/01/09) | $ | 8,301.96 |
| Suspense Charges: | $ | (526.50) |
| Bankruptcy Attorney Fee: | $ | 650.00 |
| Bankruptcy Filing Fee: | $ | 150.00 |
| **Total Post-Petition Delinquencies:** | **$** | **8,575.46** |
| **Total Principal Balance and Delinquencies Due:** | **$** | **294,951.69** |

The next scheduled monthly payment is due October 1, 2009, and continuing each month thereafter.  Late charges will accrue if payment is not received by the 15th of the month when due.

Secured Creditor recorded a Notice of Default to foreclose on the Property on 02/14/2008. The trustee sale and foreclosure have since been stayed as a result of the subject bankruptcy case.

///

///

///

2

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust, including the unlawful detainer action or any other action necessary to obtain possession of the Property.
2. For an Order permitting Movant, at its option, to offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law, said agreement would be non-recourse unless included in a reaffirmation agreement, and permitting Movant to contact the Debtor via telephone or written correspondence to offer such an agreement.
3. For an Order that the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived.
4. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.
5. For attorneys' fees and costs incurred herein.
6. For a waiver of the requirement that the Trustee be provided with the Order for signature prior to filing it with the Court (if the Motion is unopposed).
7. For such other relief as the Court deems proper.

Dated: October 2, 2009                McCarthy & Holthus, LLP

                                      By: /s/ Kristin A. Schuler-Hintz
                                          /s/ Seth J. Adams
                                          Kristin A. Schuler-Hintz, Esq.
                                          Seth J. Adams, Esq.
                                          Attorney for Secured Creditor

3